# SUPREME COURT.

JAMES BROWN and others, trustees, &c. agt. THE NEW YORK AND ERIE RAILROAD COMPANY.

Where a receiver was appointed for the benefit of the 3d, 4th and 5th mortgage bondholders of the defendants, and a motion on behalf of the 4th mortgage bondholders was made for an order directing the receiver to pay the interest coming due upon their bonds, out of the receipts of the road, to the exclusion of other indebtedness and against the consent of prior mortgagees, upon the ground that the bonds secured by the 4th mortgage were so drawn that the principal becomes due and payable if the interest is not paid,

*Held,* that the motion be denied. There is no rule of law or equity which allows the funds of an insolvent corporation to be diverted from a proper application of them, because it may be deemed expedient for ulterior purposes to make such a use of them.

*New York Special Term, September,* 1859.

INGRAHAM, Justice.   The plaintiffs Brown and Davis, as trustees for the holders of the 3d, 4th and 5th mortgage bonds, and Drew as a holder of the 4th mortgage bonds, commenced this action, and obtained the appointment of a receiver for the benefit of all represented by them.

A motion is now made by Davis, one of the trustees, for an order directing the receiver to pay the interest coming due upon the 4th mortgage bonds out of the receipts of the road, to the exclusion of other indebtedness and against the consent of some of the trustees on the prior mortgages.

The ground upon which such an application is made is, that the bonds secured by the 4th mortgage are so drawn that the principal becomes due and payable if the interest is not paid.

The application is opposed by a trustee under the 2d mortgage, Mr. Joseph Walker, and by the receiver.

Independent of the fact as stated by the receiver, that the amounts to be paid as provided for by the order appointing a receiver, exceed $1,000,000, and which would of itself prevent this payment, I see no propriety in granting this motion.   The receiver was appointed to protect the rights of the prior bondholders as well as those interested under the 4th mortgage.   In point of priority those having the first claims are entitled to payment out of these moneys before the holders of the 4th mortgage bonds, and I know of no rule of law or equity which allows the funds of an insolvent corporation to be diverted from a proper application of them, because it may be deemed expedient for ulterior purposes to make such a use of them.

It is said that these bonds will at once become payable in full unless the interest is paid ; but such a result would not authorize a misapplication of the funds received by the receiver.   No serious injury could happen therefrom, because the bonds held under the 2d mortgage have already become due, amounting to $4,000,000, and a foreclosure

by them would be more productive of evil than proceedings on behalf of those subsequent in their claims. The diversion of funds so received, would naturally lead to such a foreclosure, and instead of operating beneficially, it seems to me that the want of confidence in the proper appropriation of the moneys received by the receiver, which such a course would naturally induce, would be productive of serious injury instead of the beneficial results contemplated by those making the motion.

The motion must be denied.